Lin v. Lynch

BIA
Hom, IJ
A201 119 987

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand fifteen.

PRESENT:
> JOHN M. WALKER, JR.,
> BARRINGTON D. PARKER,
> RICHARD C. WESLEY,
> *Circuit Judges.*

_____

YISHOU LIN,
> *Petitioner,*

> v.                                                14-1914
>                                                   NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:           Farah Loftus, Century City, California.

FOR RESPONDENT:           Benjamin C. Mizer, Acting Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Tracey N.

McDonald, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yishou Lin, a native and citizen of the People's Republic of China, seeks review of a May 16, 2014, decision of the BIA affirming a February 14, 2012, decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yishou Lin,* No. A201 119 987 (B.I.A. May 16, 2014), *aff'g* No. A201 119 987 (Immig. Ct. N.Y. City Feb. 14, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA, i.e., minus the basis for denying relief that the BIA declined to consider (the IJ's finding that Lin's asylum application was untimely and the IJ's denial of CAT relief). *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See*

2

8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Past Persecution

It is undisputed that Lin is not eligible for asylum solely on the basis of his wife's forced family planning procedures. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-310 (2d Cir. 2007). Nevertheless, he can still qualify for asylum or withholding of removal by demonstrating that: (1) he engaged in "resistance" to the family planning policy; and (2) he suffered harm rising to the level of persecution, or he has a well-founded fear or likelihood of suffering such harm as a direct result of his resistance. *Id*. at 313; *see also* 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.16(b).

The agency did not err in finding that, even assuming that Lin engaged in resistance to the family planning policy, he failed to establish that he suffered persecution on account of that resistance. Although he claimed that family planning officials beat him, he did not allege that he suffered any serious or lasting harm as a result. *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) ("We have never held that a beating that occurs within the context of an arrest or detention constitutes persecution *per se*."); *Mei Fun Wong v. Holder*, 633

3

F.3d 64, 72 (2d Cir. 2011) ("We have emphasized that persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (internal quotation marks omitted)). Furthermore, Lin did not allege that the family planning fine imposed caused him "severe economic disadvantage" as required to demonstrate economic persecution. *In re T-Z-*, 24 I. & N. Dec. 163, 170-75 (BIA 2007); *see also Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002). Because Lin did not demonstrate past persecution, he was not entitled to a presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1).

Well-Founded Fear of Persecution

Absent past persecution, an applicant may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, 8 C.F.R. § 1208.13(b)(2), which must be both subjectively credible and objectively reasonable, *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). The agency reasonably found speculative Lin's fear of persecution under the family planning policy because he lived unharmed in China from his 2001 altercation with family planning officials until his departure from that country in 2010. *See*

4

*Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best"). That finding was dispositive of asylum and withholding of removal because those claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk